**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan HERNANDEZ–HERNANDEZ,**
**Defendant–Appellant.**

No. 04–41630.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Juan Hernandez–Hernandez appeals his guilty-plea conviction and sentence for being found in the United States, without permission, following deportation. *See 8 U.S.C. § 1326(a), (b).* Although Hernandez–Hernandez signed a waiver provision as part of his plea agreement, we need not determine the effect of that waiver because Hernandez–Hernandez cannot prevail on the merits of his appellate arguments.

For the first time on appeal, Hernandez–Hernandez argues that the sentencing provisions in § 1326(b) are unconstitutional. Hernandez–Hernandez's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Hernandez–Hernandez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Hernandez–Hernandez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Also for the first time on appeal, Hernandez–Hernandez argues that the district court erred when it sentenced him pursuant to the mandatory United States Sentencing Guidelines held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125

---

S.Ct. 738, 160 L.Ed.2d 621 (2005). Application of the Sentencing Guidelines in their mandatory form constitutes error that is plain. *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). However, nothing in the record indicates that the district court would have imposed a different sentence if it had known that it was not bound by the sentencing guidelines. Accordingly, district court's error did not affect Hernandez–Hernandez's substantial rights. *See id.* at 733–34. Hernandez–Hernandez has not established reversible plain error.

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.